UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SCRIPTER and
DONNA SCRIPTER,                                  Case No. 14-13461

              Plaintiffs,                 SENIOR UNITED STATES DISTRICT
                                                 JUDGE ARTHUR J. TARNOW

v.

FIRST STATE BANK MORTGAGE
COMPANY, LLC,

              Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

Plaintiffs Roger and Donna Scripter submitted at least one unsuccessful credit application to Defendant First State Bank Mortgage Company for the purpose of refinancing their mortgage. They allege that Defendant violated the notice requirements of the Equal Credit Opportunity Act (ECOA). They also bring age and disability discrimination claims under the ECOA and several other statutes relating to discrimination in the credit and real estate context. Defendant has moved for judgment on the pleadings or for summary judgment. Since the discovery period has closed and the parties rely on exhibits beyond the pleadings,

the Court construes Defendant's motion as a motion for summary judgment. Plaintiffs request that the Court order additional discovery if it is otherwise inclined to grant Defendant summary judgment. After a hearing held on November 13, 2015, the Court took the motion under advisement.

For the reasons stated below, Defendant's Motion for Summary Judgment [Dkt. #12] is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiffs are a married couple living in Macomb County. Mrs. Scripter is seventy-seven years old and Mr. Scripter is sixty-two. Mr. Scripter used to work for Defendant First State Bank Mortgage Company. Plaintiffs obtained a mortgage from Defendant in December 2002.

Plaintiffs met with an agent of Defendant in September 2013 to discuss a credit application for the purpose of refinancing their mortgage to lower its monthly payment. During the meeting, Mr. Scripter informed the agent that he would soon be taking leave from his job at Flagstar Bank under the Family and Medical Leave Act to care for Mrs. Scripter, who had been treated three days earlier for a possible stroke and who had been diagnosed with dementia. He also informed the agent that Mrs. Scripter received Social Security Income and that Mr.

Scripter would soon be eligible to receive it as well. The Scripters provided requested information and documentation for the credit application.

Defendant took no action on the application for several months, despite a couple of calls from Mr. Scripter. In January 2014, Plaintiffs spoke with a different agent of Defendant by phone. They provided requested information for the credit application. Mr. Scripter noted that he was now Mrs. Scripter's caregiver. The agent wrote in her notes that Mrs. Scripter was ill. She told Plaintiffs that she was concerned their credit application would not be approved due to their income; Mr. Scripter responded that he could increase his monthly pension payments. The parties dispute whether this agent subsequently sent Plaintiffs a letter requesting proof of the discussed increase in income by March 9, 2014. Aside from the alleged letter, Defendant took no action on Plaintiffs' application.

Plaintiffs continued to complain and ultimately secured a meeting with a third agent of Defendant on February 13, 2014. They provided requested information and documentation and completed a written application. Plaintiffs allege that Defendant misrepresented Plaintiffs' income when it submitted the application to an underwriter—specifically, it omitted their investment income and Mrs. Scripter's Social Security income. Defendant claims that it sent Plaintiffs a

3

letter on March 10, 2014, advising them that their credit application was denied because their income was too low in comparison to their debt. Plaintiffs claim they never received such a letter.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

## ANALYSIS

### I.     Discovery

Plaintiffs ask the Court to defer ruling on summary judgment until after Defendant has complied with certain interrogatories and a notice of deposition. Federal Rule of Civil Procedure 56(d)—formerly Rule 56(f)—provides that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may deny the motion for summary judgment, defer ruling on it, allow time for discovery, or issue any other appropriate order.  "Court after court has made clear that the protection that Rule 56[(d)] provides is not intended to shield counsel who were dilatory in conducting discovery."  *Mallory v. Noble Correctional Institute*, 45 F. App'x 463, 469 (6th Cir. 2002) (citing *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 732 (6th Cir. 1996); *York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360, 363 (6th Cir. 1982)).

Plaintiffs' counsel was dilatory in conducting discovery.  On November 6, 2014, the Court issued a Scheduling Order [9] providing that discovery motions were due by February 16, 2015, and that all discovery must be completed by March 16, 2015.  Defense counsel served discovery requests and deposition notices in the specified period, but Plaintiffs' counsel failed to respond or to produce

Plaintiffs for their depositions.  Plaintiffs' counsel claims that he served interrogatories and a notice of deposition on February 17, 2015.  Defense counsel claims that she received discovery requests on February 27, 2015, and promptly notified Plaintiffs' counsel that they were untimely, since the responses were due after the discovery cut-off date set by the Court's Scheduling Order.  According to defense counsel, she said that Defendant likely would not oppose a motion to extend the discovery deadlines.  Plaintiffs' counsel, however, never filed such a motion.  The Court finds that he was dilatory in conducting discovery and therefore declines to grant relief under Rule 56(d).

## II.    Notice Claim

The ECOA requires a creditor to provide written notice of its action within thirty days after receiving a completed application for credit.  15 U.S.C. § 1691(d). Applicable regulations define an "application" as "an oral or written request for an extension of credit that is made in accordance with procedures used by a creditor for the type of credit requested."  12 C.F.R. § 1002.2(f).  The regulations further define a "completed application" as one "in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested," which may include information from third parties.  *Id.*  "[T]he regulations make clear that an

application is considered 'complete' not when the applicant completes it … but when the creditor has obtained verifying information and whatever other types of reports or information it ordinarily requires to evaluate a loan." *High v. McLean Financial Corp.*, 659 F. Supp. 1561, 1564 (D.D.C. 1987).

Plaintiffs argue that they first triggered the notice requirement via oral applications when they met with an agent in September 2013 and talked with another agent by phone in January 2014. It is undisputed that Defendant did not provide notice in response to these applications. However, Defendant argues that these requests did not constitute "applications" under the ECOA because they were not "made in accordance with" Defendant's procedures. Defendant points to its written policy, which Plaintiffs have submitted as an exhibit, requiring credit applications to be signed. The Court agrees with Defendant that no reasonable jury could conclude that Plaintiffs' discussions with agents of Defendant in September 2013 and January 2014 constituted "completed applications for credit" triggering the ECOA notice requirements.

Plaintiffs submitted a written credit application on February 13, 2014. Defendant has submitted, as an exhibit, a written notice of adverse action addressed to the Scripters and bearing a signature attesting that it was mailed on March 10, 2014. Mr. Scripter claims in an affidavit that Plaintiffs never received

such a notice.  Plaintiffs suggest that Defendant never mailed the notice it has submitted as an exhibit, and instead merely fabricated the exhibit for the purposes of this litigation.  Without any corroborating evidence, the Court finds this allegation insufficient to raise a genuine issue of material fact.  Accordingly, the Court will grant Defendant summary judgment on the ECOA notice claim.

### III.    Discrimination Claims

Plaintiffs claim that Defendant denied their credit application on the basis of their age and Mrs. Scripter's disability.  They bring age discrimination claims under the ECOA and Michigan Compiled Laws § 37.2504, which prohibits age discrimination against an applicant "for financial assistance or financing in connection with a real estate transaction or in connection with the construction, rehabilitation, repair, maintenance, or improvement of real property, or a representative of that person."  They bring disability discrimination claims under three statutes: (1) 42 U.S.C. § 3605, which prohibits disability discrimination in residential real estate-related transactions; (2) Michigan Compiled Laws § 750.147a, which prohibits disability discrimination "in extending credit or granting a loan" and "in the rating of a person's creditworthiness;" and (3) Michigan Compiled Laws § 37.1504, which prohibits disability discrimination "in making or purchasing loans for acquiring, constructing, improving, repairing, or

8

maintaining real property, or in providing other financial assistance secured by or otherwise related to real property."

Defendant argues that it denied Plaintiffs' application for legitimate, nondiscriminatory reasons—specifically, their lack of income in relation to their total debt. Defendant argues that Plaintiffs have produced no evidence sufficient to raise a genuine issue of material fact as to whether those reasons are pretextual. Indeed, Plaintiffs' evidence is limited. They rely only on (1) the fact that Defendant noted that Mr. Scripter was caring for his "ill" or "ailing" wife in notes from a phone conversation and in information provided to the underwriter, and (2) Mr. Scripter's assertion in his affidavit that Defendant omitted Plaintiffs' income from investments and Social Security when reporting to the underwriter. The second piece of evidence does nothing to tie the denial of Plaintiffs' credit application to their age or Mrs. Scripter's disability. The Court concludes that this evidence is insufficient to raise a genuine issue of material fact regarding whether Defendant's explanations for its denial of Plaintiffs' credit application are a pretext for age and/or disability discrimination. Accordingly, the Court grants Defendant summary judgment on the discrimination claims.

## CONCLUSION

For the reasons stated above,

9

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [12] is **GRANTED**.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 2, 2015          Senior United States District Judge